<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ROBERT TASHBOOK,<br><br>                       Petitioner,<br><br>                       v.<br><br>WARDEN,<br><br>                       Respondent. | Civil Action No. 23-14235 (KMW)<br><br>**OPINION** |

**WILLIAMS**, District Judge:

This matter comes before the Court on Petitioner Robert Tashbook's amended petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 (ECF No. 16), which seeks to challenge a prison disciplinary sanction. Following an order to answer, the Government filed responses to the amended petition (ECF Nos. 12, 28), to which Petitioner replied. (ECF No. 33.) For the reasons expressed below, Petitioner's habeas petition is dismissed without prejudice.

**I.      BACKGROUND**

Petitioner is a convicted federal prisoner currently imprisoned in FCI Mariana. (ECF No. 28-3 at 1.) On or about August 29, 2023, Petitioner filed his initial habeas petition in this matter, which sought to challenge a prison disciplinary hearing in which he was found guilty of the prohibited act of possessing an instrument which could be used as a weapon. (ECF No. 1.) Specifically, Petitioner's disciplinary proceeding arises out of the discovery of a six inch sharpened object on Petitioner's person in June 2023. (*See* ECF No. 12-3 at 174.) A hearing was held on

this charge on August 24, 2023, at which a Disciplinary Hearing Officer (DHO) found Petitioner guilty of the prohibited act. (*Id.* at 171.) The DHO prepared a form memorializing that decision on August 29, 2023, and the form was thereafter delivered to Petitioner on September 1, 2023. (*Id.* at 175.)

Petitioner, however, did not wait to receive the DHO's report before he sought to file his habeas petition in this matter, nor did he attempt to exhaust any administrative remedies before filing suit. Instead, Petitioner prepared his habeas petition on August 28, 2023, after the hearing but before receiving the DHO's report, and mailed it the following day. (*See* ECF No. 1; ECF No. 1-1.) Petitioner did not seek to exhaust his remedies until nearly a month later, when, on September 26, 2023, he filed an administrative remedy with the BOP's Northeast Regional Office. (ECF No. 28-3 at 2.) On December 12, 2023, that appeal was rejected as Petitioner had not used the appropriate form and was now required to resubmit his appeal to a different regional office following his transfer to FCI Mariana in November 2023.[1] (*Id.*) Petitioner thereafter resubmitted his appeal to the appropriate regional office on March 29, 2024. (*Id.*) That appeal remained pending as of the date of the Government's response to Petitioner's amended habeas petition. (*Id.*) BOP records further indicate that during the timeline of this appeal, Petitioner clearly had access to the BOP's grievance system as he filed a number of other grievances and regional appeals between August 2023 and May 2024. (*See* ECF No. 28-4 at 165-74.)

---

[1] Petitioner filed a second attempted appeal with the Northeast Regional Office in October 2023, but that appeal was also rejected for failing to conform to filing rules. (*See* ECF No. 28-3 at 3.) When Petitioner resubmitted that appeal to the appropriate regional office on March 4, 2024, that appeal was rejected as duplicative of his first series of remedies and Petitioner was instructed to pursue the first appeal rather than file a second administrative appeal. (*Id.*)

2

## II.  LEGAL STANDARD

Under 28 U.S.C. § 2241(c), habeas relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal court has jurisdiction over such a petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989).

## III.  DISCUSSION

In his habeas petition, Petitioner argues that his disciplinary charges should be overturned because he believes he was denied Due Process at his disciplinary hearing in various ways. However, Petitioner did not pursue these claims administratively to their ultimate ends prior to filing his habeas petition in this matter. Indeed, Petitioner did not attempt any exhaustion at all prior to filing his initial habeas petition. This failure precludes this Court from addressing the merits of Petitioner's habeas petition. Habeas petitioners are generally required to exhaust all available administrative remedies *prior to filing suit in federal court*, and failure to comply with this requirement "generally bars review of a federal habeas corpus petition absent a showing of cause and prejudice." *See, e.g., Moscato v. Fed. Bureau of Prisons*, 98 F.3d 757, 760-61 (3d Cir. 1996). Although this requirement may be excused under certain circumstances, such as where exhaustion would be futile, *see Gambino v. Morris*, 134 F.3d 156, 171 (3d Cir. 1998), absent a showing of such circumstances or cause and prejudice, the failure to exhaust will result in the dismissal of a habeas petition. *Moscato*, 98 F.3d at 761; *see also Downs v. N'Diaye*, 2021 WL 5076412, at *2 (D.N.J. Nov. 2, 2021). A habeas petitioner cannot show futility through mere speculation. *See Lindsay v. Williamson*, 271 F. App'x 158, 159 (3d Cir. 2008). The BOP's exhaustion requirement is a multi-step process involving appeals not only within a given prison,

but also to the regional and central offices of the BOP. *See, e.g., Brown v. Warden Canaan USP*, 763 F. App'x 296, 297 (3d Cir. 2019).

Here, Petitioner did not even attempt to exhaust his remedies before filing his initial habeas petition – indeed, he had not even received the DHO's final written decision before he prepared and mailed his habeas petition. Petitioner did not attempt to begin the administrative exhaustion process until approximately a month after he filed his habeas petition, and did not rectify the deficiencies in his regional appeal until March 2024, months after the amended petition was filed in this matter. Indeed, the record currently before the Court indicates that Petitioner failed to complete administrative exhaustion prior to filing his petition and amended petition in this matter, and because exhaustion is required *before* a habeas petitioner files a petition in the district court, Petitioner failed to properly exhaust his administrative remedies and his habeas petition must be dismissed absent a basis to avoid that requirement.

In his various filings, Petitioner suggests that he believes that exhaustion would be futile given the alleged due process violations in his DHO proceeding, that his appeals were rejected on faulty grounds, and that he has been denied the ability to file proper exhaustion because of interference from prison employees. The record does not bare these assertions out. The record clearly indicates that Petitioner had access to both the administrative remedy system and the BOP appeal system throughout the last year – he filed a number of grievances and appeals during that time period. The record also indicates that the BOP did not reject Petitioner's appeals for any reason other than Petitioner's failure to follow proper procedure, and when Petitioner ultimately corrected those procedural faults, the BOP's regional office accepted his appeal in March 2024. It thus appears that the BOP's grievance and administrative appeal system is fully available to Petitioner, and Petitioner's failure to exhaust in this matter is entirely a result of Petitioner's hasty decision to proceed with a habeas petition prior to attempting to completely exhaust his claims.

4

Likewise, exhaustion in this matter would clearly not be futile – the Regional or Central offices of the BOP have the authority and ability to address Petitioner's procedural complaints and remand for a new hearing if necessary, and exhaustion in any event serves the valuable purpose of establishing and clarifying the record of Petitioner's disciplinary proceedings. Because this Court finds that exhaustion would not be futile in this case, as Petitioner has not otherwise shown cause and prejudice sufficient to evade the exhaustion requirement, and because Petitioner failed to even attempt exhaustion prior to filing his initial habeas petition in this matter, Petitioner's amended habeas petition must be dismissed without prejudice for failure to exhaust prior to filing suit. Petitioner may file a new habeas petition in the appropriate district court[2] when he completes the administrative exhaustion process.

IV.   **CONCLUSION**

For the reasons expressed above, Petitioner's amended habeas petition (ECF No. 16) is **DISMISSED WITHOUT PREJUDICE.** An order consistent with this Opinion will be entered.

*Karen M. Williams*
_____
Hon. Karen M. Williams,
United States District Judge

---

[2] Assuming Petitioner remains at FCI Marianna when he completes the process, the appropriate court would be the District Court for the Northern District of Florida.

5